UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DENNIS EARL HENDRICKSON,

        Plaintiff,

v.                                                          Case No.  5:06-cv-204-Oc-10GRJ

DIANE ELIZABETH SEE, et al.,

        Defendants.

_____

**ORDER OF DISMISSAL**

Plaintiff initiated this action by filing a prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 and a motion seeking leave to proceed as a pauper.  (Docs. 1, 2).  Plaintiff names the following as Defendants :Public Defenders Diane Elizabeth See and Jason Snyder; Assistant State Attorneys Lori Cotton Henry and Sharon Pettyway Fernandez.  Having reviewed the complaint, applicable statutes and controlling case law, the Court finds that the complaint is subject to summary dismissal prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

    Title 28 U.S.C. § 1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which

>relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by § 1915(e)(2) is a screening process, to be applied *sua sponte*. See 28 U.S.C. § 1915(e)(2).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in FED. R. CIV. P. 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir.1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

A complaint should not be dismissed for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Harris v. Proctor & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir.1996). The plaintiff is not required to set forth all the facts upon which the claim is based, but he must provide a statement sufficient to place the defendants on notice of the nature of the claim. Id. The Court construes the complaint in the light most favorable to the plaintiff and all well-pled allegations are taken as true. See Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir.1998).

It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under § 1915(e)(2)(B) is warranted. In the case of a *pro se* action,

the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. See Tannenbaum v. United States, 148 F.3d 1262 (11th Cir.1998).

**Discussion**

Plaintiff brings his suit under 42 U.S.C. § 1983, apparently complaining that Defendants conspired to "taint" his case in county court. In any § 1983 action, the initial inquiry must focus on whether two essential elements are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.1996); see also Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir.1995). If either element is missing, the claim fails.

Based on Plaintiff's allegations, the Court finds that Plaintiff has failed to make the threshold showing required to proceed with a § 1983 claim. Public defenders are not considered "a person acting under color of state law" for purposes of § 1983. In addressing this issue, courts have concluded that public defenders and their assistants generally do not act under color of state law when representing indigent defendants in criminal proceedings, and therefore cannot normally be sued in a § 1983 cause of action arising out of such representation. Further, prosecutors have absolute immunity under section 1983 suits for actions associated with the criminal process. See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985); O'Brien

v. Colbath, 465 F.2d 358, 359 (5th Cir.1972) (holding that § 1983 was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir.1976) (alleged malpractice-type actions or omissions by a court-appointed volunteer attorney in relation to a criminal trial were not acts taken under color of state law).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. See Tannenbaum, 148 F.3d at 1263. A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. Plaintiff has failed to meet this burden in that the Defendants named in the complaint are immune from suit. Therefore, Plaintiff's case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The deficiency in the complaint cannot be cured by amendment or discovery.

## Conclusion

For the reasons set forth in this Order, this case is **DISMISSED**. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 27th day of June 2006.

_____
UNITED STATES DISTRICT JUDGE

c:   Dennis Early Hendrickson